UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCHELLE WESTON, JORDAN SMITH, | No. 2:19-cv-262-MCE-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| SOCIAL SECURITY ADMINISTRATION, et al., | |
| Defendants. | |

Plaintiff Rochell Weston seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that Ms. Weston may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, the complaint fails to state a claim and must therefore be dismissed.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-563, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 555 (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley*, 355 U.S. at 47).

Here, the complaint purports to allege claims on behalf of Ms. Weston and her adult son, Jordan Smith. *See* ECF No. 1 at 1. But Ms. Weston (hereafter referred to as "plaintiff") is the sole signatory to the complaint, and there is no indication from the record that she is an attorney. Unless plaintiff is an attorney, she may not represent the interest of others, including her son, and may not sign pleadings on his behalf. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local Rule 183(a) requires that any individual who is representing herself without an attorney must appear personally or by courtesy appearance by an attorney and

1 may not delegate that duty to any other individual. E.D. Cal. L.R. 183(a). Accordingly, plaintiff
2 may not bring claims on behalf of her son. *See Johns v. County of San Diego*, 114 F.3d 874, 876
3 877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and
4 general power of attorney does not give non-lawyer right to assert the personal constitutional
5 claims of another).

6 Further, the complaint's allegations are too vague and conclusory to state a claim for
7 relief. The complaint purports to assert claims against nine defendants—the Social Security
8 Administration, "Social Security Appeals," "Social Services," Department of Treasury, Golden
9 One Credit Union, Rick Finwick, Shela Sharma, Jordan Smith, and Quittie Wilson. ECF No. 1
10 at 1. But it is difficult to discern from the limited allegations what specific claims plaintiff is
11 attempting to assert as to each. Liberally construed, the complaint alleges that plaintiff attempted
12 to make an appointment at a Social Security Administration ("SSA") office to file an application
13 for disability benefits. *Id*. at 4. An SSA reprehensive initially informed plaintiff that she couldn't
14 make an appointment because someone "had been telling the system" she was not eligible for
15 benefits. *Id*. Plaintiff was eventually permitted to make an appointment, but she was told the
16 next available appointment was not until January 2019.[2] *Id*. Plaintiff appears to allege that when
17 she went to her appointment, an SSA employee informed her that the office was out of
18 applications. *Id*. The complaint further alleges that over the course of five years, there were
19 multiple instances where the SSA stopped issuing her son's disability benefits. *Id*. Those
20 interruptions in benefits allegedly cause plaintiff, who provides home support services to her son,
21 to lose income and her home. *Id*.

22 These allegations are too vague and conclusory to provide defendants with sufficient
23 notice of the factual basis for plaintiff's claims. *Jones v. Community Redev. Agency*, 733 F.2d
24 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts
25 which defendants engaged in that support plaintiff's claim. *Id*. The allegations must be short and
26 plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz*

---

[2] The complaint does not specify when plaintiff contacted the SSA branch office.

*v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). Plaintiff has not alleged facts which, if presented to any defendant, would adequately put them on notice as to what claims are being brought against them. Significantly, the complaint only advances allegations against defendant SSA, with no allegations concerning the other eight defendants.

Plaintiff's allegations suggest she might be attempting to challenge one or more decisions made by the Commissioner of Social Security. The Social Security Act provides a limited waiver of sovereign immunity by permitting district courts to review a "final decision" of the Commissioner of Social Security. 42 U.S.C. § 405(g). But to obtain a final decision from the Commissioner, a claimant must proceed through all stages of the administrative appeals process. *Bowen v. City of New York*, 476 U.S. 467, 482 (1986). The stages of the appeals process consist of: 1) initial determination; 2) reconsideration; 3) hearing before an ALJ; and 4) Appeals Council review. Only upon the Appeals Council issuing a decision or declining review of a decision of an ALJ may a claimant seek review in a federal district court. 20 C.F.R. § 404.981. Plaintiff's allegations do not indicate that she exhausted that process and received a final decision from the Commissioner. Indeed, it is not apparent plaintiff ever filed an application for disability benefits, much less proceeded through the administrative appeals process.

Accordingly, plaintiff's complaint must be dismissed for failure to state a claim. Plaintiff is granted leave to amend the complaint to cure these defects. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Any amended complaint must allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local

Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

III.  Conclusion

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: August 28, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5